Calvin **RATHBUN**, Appellant,

v.

**ANCHORAGE, a municipal corporation, Appellee.**

No. 3693.

Supreme Court of Alaska.

Sept. 14, 1979.

---

Dana Fabe, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Allen M. Bailey, Municipal Pros., Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

CONNOR, Justice.

The question in this case is whether the district court committed reversible error by admitting evidence that the victim of an alleged assault was pregnant.

Appellant Calvin Rathbun was charged with a violation of section 8.05.030(A)[1] of the Anchorage Municipal Code, after he allegedly kicked one Patricia Mitchell in the abdomen during an altercation. She was eight or nine months pregnant at the time. Prior to Rathbun's trial in district court, his attorney asked for a protective order prohibiting any reference to the fact that Mrs. Mitchell was pregnant at the time of the incident. That request was denied. Rathbun was convicted after trial by jury. On appeal to the superior court his conviction was affirmed. This appeal followed.

Beginning with his opening statement, the prosecutor made repeated references during trial to the fact of Mrs. Mitchell's pregnancy. Over objection, he also elicited testimony from her that, following the assault, her child was born three weeks late; that it had been necessary to induce labor; and that she experienced "complications" in her delivery.[2] In the later direct examination of Charles Mitchell, the alleged victim's husband, there was again reference to the fact that Mrs. Mitchell delivered three weeks later than expected. However, there was no evidence that her late delivery or "complications" were caused by the alleged assault.

To determine whether the court erred by allowing evidence of Mrs. Mitchell's pregnancy at the time of the alleged assault, inquiry must be made as to whether the evidence is relevant to the charge and if it is relevant, whether its possible prejudicial effect on the jury outweighs its proba-

---

1. Anchorage Municipal Code § 8.05.030 provides in part:
   A. It is unlawful for any person to commit an assault or battery.
   B. An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.
   C. A battery is a willful and unlawful use of force or violence upon the person of another.

2. Mrs. Mitchell testified, in part, as follows:
   Q. Did you consult a doctor concerning this incident?
   A. Yes, I went the day after. The first day I just stayed home in bed and made an appointment and went and saw my doctor. And he examined me. The only reason I went was to make sure that the baby was okay. And he said that there would be no way of telling if the baby was damaged until she was born.
   Q. Has your baby—obviously, your baby has been born.
   A. Well, she's alive and her—you know, it hasn't been determined—she's only 3 months old so they don't really . . .
   Q. Un-huh. How soon after this incident was your baby born?
   A. She was born February 19th. She was induced.
   Q. Is that on the expected date?
   A. No. She—she was 3 weeks late.
   Q. Did you have any complications in the delivery?
   A. Yes.
   At this point the court sustained defense counsel's objection, indicating that further testimony along this line would be irrelevant.

tive value. *Newsom v. State*, 533 P.2d 904, 908 (Alaska 1975).[3]

■ The evidence establishing the general nature of the assault showed that Mrs. Mitchell and her husband returned to their home about midnight on January 31, 1977, after an evening out. As they arrived home, Mrs. Mitchell noticed a woman on the porch next door yelling and waving her arms. Mrs. Mitchell left the car to investigate. As she approached the neighboring porch, Calvin Rathbun came out of the house, and pushed the other woman into the house. When Mrs. Mitchell asked what was wrong, Rathbun kicked her in the stomach.

After reviewing the record, we have determined that Mrs. Mitchell's pregnancy was relevant because it had some tendency to establish the defendant's present ability to inflict a violent injury, to establish apprehension on the part of the victim, and to establish criminal intent and the use of unlawful force.

■ We have previously held that relevant evidence may be excluded if the trial court finds "that its probative value is outweighed by the risk that it will have a prejudicial effect on the jury, confuse the issues, or mislead the jury."[4] The resolution of this question lies within the discretion of the trial judge, whose decision we will not disturb absent a clear abuse of discretion.[5] We find nothing in the record which demonstrates an abuse of discretion on the part of the trial judge in allowing evidence of Mrs. Mitchell's pregnancy to be introduced.

The judgment is AFFIRMED.

3. *See* Alaska Rules of Evidence, Rules 401 and 403. The commentary to Rule 403 reads in part:

"Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission.

. . . . .

If the balance between probative value and prejudicial effect . . . is close, the judge should probably decide to admit the evidence. In other words, there is a slight presumption in favor of admitting relevant evidence. In order to overcome this minimal presumption, the prejudicial effect must be demonstrably greater than the probative value of the evidence.

. . . . .

'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper·basis, commonly, though not necessarily, an emotional one."
Commentary to Alaska Rules of Evidence, Rule 403, at 61–2.

4. *Newsom v. State*, 533 P.2d 904, 908 (Alaska 1975), *citing Burgess Const. Co. v. Hancock*, 514 P.2d 236, 237 (Alaska 1973).

5. *Newsom v. State*, 533 P.2d at 908.